## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 7211 | **DATE** | 2/26/2004 |
| **CASE TITLE** | Shanahan vs. Porick | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
　　☐ FRCP4(m)　☐ Local Rule 41.1　☐ FRCP41(a)(1)　☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held and continued to 4/22/04 at 9:00 a.m. Defendant to file an answer to the complaint by 3/25/04. For the reasons stated in the attached memorandum opinion and order, defendant's motion to dismiss is denied. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | Document Number |
|---|---|---|---|
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | **FEB 2 7 2004** date docketed | |
| | Notified counsel by telephone. | | |
| ✓ | Docketing to mail notices. | GMA docketing deputy initials | 12 |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| MF | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
FEB 27 2004

MARY E. SHANAHAN, )
 )
    Plaintiff, )
 )    No. 03 C 7211
v. )
 )    Judge John W. Darrah
DENNIS B. PORICK, )
 )
    Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiff, Mary E. Shanahan, filed suit against Defendant, Dennis B. Porick, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") based on alleged violations of the Illinois Consumer Installment Loan Act ("ICILA") and/or the Illinois Sales Finance Agency Act ("ISFAA"). Presently pending before the Court is the Defendant's Motion to Dismiss.

A reading of the Complaint supports the following summary of the alleged operative conduct of the parties.

Asset Acceptance, LLC acquired Shanahan's debts after the original creditor charged off the debts. Asset Acceptance is in the business of buying bad debts allegedly owed by consumers. Asset Acceptance is not chartered or regulated as a bank, savings and loan association, or credit union and does not hold a license under the ICILA or ISFAA.

Porick, an attorney for Asset Acceptance, attempted to collect from Shanahan two old credit card debts from Citibank and Providian, plus interest on such debts at 20% and 15% for the period after Asset Acceptance acquired the debts.

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any

reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000) (*Marshall-Mosby*). A plaintiff is not required to plead the facts or the elements of a claim, with the exceptions found in Federal Rule of Civil Procedure 9. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002); *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002). A filing under Federal Rules of Civil Procedure should be "short and plain," and it suffices if it notifies the defendant of the principal events. *Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The simplified notice pleading requirement relies upon liberal discovery and summary judgment motions to define disputed issues and facts and to dispose of unmeritorious claims. *Swierkiewicz*, 534 U.S. at 513.

Porick argues that Shanahan's Complaint should be dismissed because the Illinois Interest Act does not apply and because Shanahan fails to plead her agreements or the agreed interest with Citibank and Providian. Shanahan counters that the Illinois Interest Act applies and that Porick's violation of the Act constitutes a violation of the FDCPA. Shanahan's Complaint sufficiently pleads that the interest rate charged by Porick violated the Illinois Interest Act, and such violation constitutes a violation of the FDCPA.

Porick's, as well as Shanahan's, legal arguments are more properly decided after discovery. For the above reasons, Defendant's Motion to Dismiss is denied.

Dated: February 26, 2004

JOHN W. DARRAH
United States District Judge

2